UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ROUSHELL FLOYD**, § | |
| § | |
| *Plaintiff*, § | |
| v. § | **EP-24-CV-00045-MAT** |
| § | |
| **LELAND DUDEK, ACTING** § | |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION**[1], § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roushell Floyd ("Plaintiff") appeals from a decision of the Commissioner of the Social Security Administration ("Defendant") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. On May 6, 2024, upon consent of both parties, United States District Judge Kathleen Cardone assigned this case to the undersigned for a memorandum opinion and order pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the Court **ORDERS** that the Commissioner's decision be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

### I. BACKGROUND & PROCEDURAL HISTORY

Plaintiff is a fifty-six-year-old man with a college education and past relevant work as a supply technician in the United States Army and hospital. Tr. of Admin. R. [hereinafter, "Tr."] at 189, 225, 234, ECF No. 4. On June 1, 2022, Plaintiff applied for disability insurance benefits. *Id.* at 28. He alleged disability beginning February 28, 2022, due to neurocognitive impairment, post-

---

[1] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 17, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "Leland Dudek, Acting Commissioner of the Social Security Administration" should be substituted for "Martin O'Malley, Commissioner of the Social Security Administration" as the defendant in this suit.

1

traumatic stress disorder, degenerative disc disease of the lumbar spine, depressive disorder, and alcohol use disorder. *See id.* at 28. 30–31. At the time of the application, Plaintiff was fifty-three years old. *See id.* at 189, 28.

On December 15, 2022, Plaintiff's disability claims were denied, and again upon reconsideration on February 8, 2023. *Id.* at 28. Administrative Law Judge ("ALJ") Michael C. Hertzig held a telephonic hearing on August 17, 2023, and later issued a decision denying Plaintiff's claims on August 29, 2023. *Id.* at 29–39. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on November 1, 2023. *Id.* at 8–10. The ALJ's decision became the final decision of the Commissioner at that time. Plaintiff now seeks judicial review of the decision.

On appeal, Plaintiff presents two issues for the Court. First, Plaintiff alleges the ALJ erred because he rejected the medical opinions' social interaction limitations and improperly relied on the doctors' observations of Plaintiff's demeanor during his medical examinations to formulate Plaintiff's residual functional capacity ("RFC"). Pl.'s Br. at 10–16, ECF No. 8. Second, Plaintiff maintains that the ALJ's decision is not supported by substantial evidence because the ALJ rejected all the medical opinions and determined Plaintiff's functional limitations off his lay interpretation of raw medical data. *Id.* at 16–18. For the reasons set forth below, the Court finds that the ALJ committed no legal error and affirms the ALJ's decision.

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is limited to a determination of whether (1) the Commissioner's final decision is supported by substantial evidence on the record and (2)

the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). In applying the "substantial evidence" standard, "the court scrutinizes the record to determine whether such evidence is present," *id.*, but it may not "try the issues *de novo*" or "reweigh the evidence." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). "[N]or, in the event of evidentiary conflict or uncertainty," may the court substitute its judgment for the Commissioner's, "even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016).

Generally, "[w]here . . . the Secretary has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial." *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989). However, even if the ALJ commits legal error, "remand is warranted only if the . . . error was harmful." *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (unpublished) (citing *Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009)); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected."). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986

F.3d 551, 556 (5th Cir. 2021). Furthermore, it is plaintiff's burden to show prejudice or harm from the error. *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

### B. Evaluation Process

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i). In evaluating a disability claim, the ALJ follows a five-step sequential process to determine whether: (1) the claimant is presently engaged in substantial gainful employment; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or medically equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from performing other substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); *Salmond*, 892 F.3d at 817.

Between steps three and four, the ALJ determines the claimant's "residual functional capacity" ("RFC"). 20 C.F.R. § 404.1520(e). The RFC "is the most [the claimant] can still do despite [their] limitations." *Id.* § 404.1545(a)(1). The ALJ determines the RFC by examining "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). When using medical opinions as evidence, the ALJ must assess the persuasiveness of such evidence in her opinion. *Id.* § 404.1520c(a). Persuasiveness is based on several factors that the ALJ must consider, but the ALJ is only required to articulate "supportability" and "consistency" in her decision. *Id.* § 404.1520c(b)(2). The ALJ then uses the claimant's RFC in making determinations at steps four and five. *Id.* § 404.1520(e).

"[A]n individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Thus, the claimant carries the burden of proof through the first four steps. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* at 1302.

### C. The ALJ's Findings

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of February 28, 2022. Tr. at 30. At step two, the ALJ found that Plaintiff had the following severe impairments: depressive disorder and alcohol use disorder. *Id.* at 30–31. The ALJ found the rest of Plaintiff's impairments non-severe. *Id.* At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 31–33. Next, the ALJ found that Plaintiff retained the RFC to perform the "full range of work at all exertional levels" with the nonexertional limitation that Plaintiff can "understand, remember, and carry out detailed but not complex instructions."[2] *Id.* at 33. The ALJ based the RFC off the medical opinions of Consultative Examiner Dr. Superville and two State Agency psychological consultants ("SAPC"), Dr. Meyer

---

[2] "Exertional limitations" refer to the "strength demands" of jobs, such as sitting, walking, standing, carrying, lifting, pushing, and pulling. 20 C.F.R. § 404.1569a(b). "Nonexertional limitations" refer to restrictions other than strength demands, including "difficulty understanding or remembering detailed instructions" or "difficulty maintaining attention or concentrating." *Id.* § 404.1569a(c).

5

and Dr. Clay.[3]  *Id.* at 35–36.  At step four, the ALJ concluded that Plaintiff is "unable to perform any past relevant work."  *Id.* at 36.  At step five, considering Plaintiff's age, education, past work experience, and RFC, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that the claimant can also perform.  *Id.* at 37.  Specifically, the ALJ relied on the vocational expert testimony that given all these factors, Plaintiff would also be able to perform work as a dishwasher, hand packager, and food service worker.  *Id*.  Therefore, the ALJ determined that Plaintiff was not disabled under the Social Security Act from February 28, 2022 (his alleged disability onset date) through August 29, 2023 (the date of the ALJ's decision).  *Id.* at 38.

### D. <u>Analysis</u>

On appeal, Plaintiff presents two issues for the Court.  First, Plaintiff alleges that the ALJ erred when he rejected Dr. Superville, Dr. Meyer, and Dr. Clays' medical opinions about Plaintiff's social interaction limitations because he found the opinions inconsistent with other medical evidence about Plaintiff's demeanor during examinations.  Pl.'s Br. at 10–16.  Second, Plaintiff maintains that the ALJ's decision is not supported by substantial evidence because the ALJ determined Plaintiff's functional limitations off his lay interpretation of raw medical data.  *Id.* at 16–18.  For the reasons set forth below, the Court finds that the ALJ committed no legal error and affirms the ALJ's decision.

1. **The ALJ did not fully reject the medical opinions and did not err when he found the medical opinions as to Plaintiff's social interaction limitations unpersuasive.**

Plaintiff first challenges that the RFC is not supported by substantial evidence because the ALJ rejected Dr. Superville, Dr. Meyer, and Dr. Clays' medical opinions about Plaintiff's social

---

[3] The Court recognizes that the Consultative Examiner report was drafted by Dr. Superville and Licensed Psychological Associate Aramide Shittu.  Tr. at 2286.  For brevity, the Court will refer to this report as drafted by Dr. Superville.

interaction limitations. *Id.* at 10–16. Specifically, Plaintiff asserts that the ALJ erred when he rejected these opinions because they were inconsistent with other medical evidence about Plaintiff's demeanor during medical examinations. *Id.* at 12–15. Plaintiff divides this argument into two sub-arguments regarding Dr. Superville's medical opinion and Dr. Meyer/Dr. Clay's medical opinions. The Court addresses each sub-argument accordingly. For the reasons articulated below, the Court rejects Plaintiff's contention and finds that the ALJ committed no legal error.

    a)  <u>Consultative Examiner Dr. Superville's medical opinion</u>

The Court first addresses Plaintiff's argument that the ALJ erred when he rejected Dr. Superville's medical opinion about Plaintiff's social interaction limitations. *Id.* at 12–13. Defendant responds that the ALJ did not reject the medical opinion but rather "properly discussed the two most important factors of supportability and consistency" in assessing the report. Def.'s Resp. Br. at 9, ECF No. 9. The Court agrees with Defendant.

The RFC "is the most [the claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ determines the RFC by examining "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). When using medical opinions as evidence, the ALJ must assess the persuasiveness of such evidence in her opinion. *Id.* § 404.1520c(a). Persuasiveness is based on several factors that the ALJ must consider, but the ALJ is only required to articulate "supportability" and "consistency" in her decision. *Id.* § 404.1520c(b)(2).

An RFC need not "mirror or match a medical opinion" to be supported by substantial evidence. *David W. G. v. O'Malley*, No. 4:23-CV-3462, 2024 WL 5284884, at *7 (S.D. Tex. Dec. 3, 2024), *report and recommendation adopted sub nom. Gates v. Dudek*, No. CV H-23-3462, 2025 WL 662050 (S.D. Tex. Feb. 28, 2025) (citing *Sherri L. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-

CV-1919-BK, 2024 WL 4343048, at *5 (N.D. Tex. Sept. 27, 2024)).  However, "[a]n ALJ usually cannot reject a medical opinion without some explanation." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017)).  Regardless of whether an ALJ accepts or rejects a medical opinion, there must be a "discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Probst v. Kijakazi*, No. EP-22-CV-00286-RFC, 2023 WL 3237435, at *4 (W.D. Tex. May 3, 2023) (*citing Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021), *report and recommendation adopted*, No. 120CV00166HSORPM, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021)).

i)   *The ALJ did not reject Dr. Superville's medical opinion*

The Court first addresses Plaintiff's contention that the ALJ "rejected" Dr. Superville's medical opinion.  A review of the record shows the ALJ did not reject Dr. Superville's medical opinion but rather found his opinion partially persuasive.  "Assigning less persuasive merit to particular areas of a specific evidentiary source is a far cry from rejecting that source in its entirety." *Rodriguez v. Comm'r of Soc. Sec.*, No. 4:23-CV-175-BP, 2023 WL 4207451, at *5 (N.D. Tex. June 27, 2023) (citing *Ernest A. J. v. Saul*, No. 1:18-cv-00194-BU, 2020 WL 6877706, at *17 (N.D. Tex. Oct. 19, 2020), *report and recommendation adopted*, 2020 WL 6873609 (N.D. Tex. Nov. 23, 2020)); *see also Lopez v. Kijakazi*, No. SA-21-CV-00930-ESC, 2022 WL 4355142, at *4 (W.D. Tex. Sept. 20, 2022) ("An ALJ is not required to endorse a medical opinion of record in fashioning the RFC and is free to adopt in part or reject in full any opinion he finds not to be supported by or consistent with the medical evidence.").

Here, the ALJ found Dr. Superville's medical opinion partially persuasive because he found the opinion persuasive regarding Plaintiff's concentration limitations but unpersuasive

8

regarding Plaintiff's other limitations. Tr. at 35. Specifically, the ALJ found that Dr. Superville's medical opinion regarding Plaintiff's concentration limitations was supported by the doctor's "direct examination of the claimant" and consistent with the record of "some impairment of the claimant's attention and concentration." *Id.* These findings accord with the ALJ's RFC that Plaintiff can "understand, remember, and carry out detailed but not complex instructions." *Id.* at 2285. Regarding Plaintiff's social interaction limitations, the ALJ found Dr. Superville's medical opinion unpersuasive because although it is supported by the doctor's "direct examination of the claimant," it is inconsistent with the medical evidence that Plaintiff "has not demonstrated significant difficulty interacting with the examiners" and has been "generally cooperative" during medical examinations. *Id.* at 35.

      Accordingly, the ALJ did not reject Dr. Superville's medical opinion because he delineated and explained which portions of Dr. Superville's opinion he found persuasive and unpersuasive. The ALJ is "free to adopt in part or reject in full any opinion he finds not to be supported by or consistent with the medical evidence." *Bednorz v. Kijakazi*, No. MO22CV00111DCRCG, 2023 WL 6147858, at *6 (W.D. Tex. Aug. 3, 2023), *report and recommendation adopted sub nom. Bednorz v. Comm'r of Soc. Sec.*, No. MO:22-CV-00111-DC, 2023 WL 5846804 (W.D. Tex. Sept. 11, 2023) (citing *Lopez*, 2022 WL 4355142, at *4). Thus, the ALJ did not reject Dr. Superville's medical opinion insofar as he found the opinion partially persuasive.

    ii)    <u>*The ALJ properly relied on medical evidence about Plaintiff's demeanor during examinations to determine his social interaction limitations in the RFC.*</u>

      The Court next addresses Plaintiff's contention that the ALJ erred because the RFC's social interaction limitations is unsupported where the ALJ relied on medical evidence about Plaintiff's demeanor in medical examinations. Specifically, Plaintiff contends that the ALJ erred because he used medical evidence about Plaintiff's social interactions in medical examinations to draw

9

conclusions about Plaintiff's ability to have social interactions in the workplace. Pl.'s Br. at 13. Defendant contends that the RFC regarding Plaintiff's social interaction limitations is supported by substantial evidence. Def.'s Br. at 8–9. As articulated below, the Court agrees with Defendant.

The RFC regarding Plaintiff's social interaction limitation is supported by substantial evidence because an ALJ is permitted to rely on medical evidence about Plaintiff's interactions during examinations to determine social interaction limitations in an RFC. Specifically, district courts in the Fifth Circuit have supported an ALJ's more restrictive RFC for social interaction limitations through relying on evidence about Plaintiff's interactions in medical examinations. *See Martinez v. Comm'r of Soc. Sec.*, No. SA-22-CV-00912-ESC, 2023 WL 5278018, at *5 (W.D. Tex. Aug. 15, 2023) (finding ALJ's less restrictive social interaction limitation in the RFC supported by substantial evidence because ALJ referenced numerous medical records where Plaintiff presented as "cooperative," and had "good eye contact" and a "positive attitude" with the examining doctor); *Albert M. v. O'Malley*, No. EP-23-CV-00399-RFC, 2024 WL 2807025, at *4 (W.D. Tex. May 31, 2024) (supporting ALJ's less restrictive social interaction limitation because during medical examinations, "the claimant frequently demonstrated cooperative behavior with good to adequate eye contact"); *Benavidez v. Comm'r of Soc. Sec.*, No. 7:22-CV-058-BP, 2023 WL 3105100, at *4 (N.D. Tex. Apr. 26, 2023) (finding less restrictive social interaction limitation appropriate where doctor noted Plaintiff "had no difficulty interacting or communicating during her examination").

In the instant case, the ALJ explained that he used a more restrictive social interaction limitation in the RFC because Dr. Superville's articulated social interaction limitation was inconsistent with medical records that Plaintiff "has not demonstrated significant difficulty interacting with the examiners" and has been "generally cooperative" during medical

examinations. Tr. at 35. The ALJ cites specific exhibits in the record to substantiate this claim, which supports this contention. *See* Tr. at 2434–35, 2445–46 (medical examinations where doctor noted Plaintiff was "alert, cooperative, and friendly" and had "good" eye contact); *id.* at 2435 (medical record noting Plaintiff's demeanor was "calm, cooperative" and his eye contact was "good"); *id.* at 2489 (medical record where doctor found Plaintiff was "[c]ooperative" and had "appropriate mood and affect"). Accordingly, because the ALJ can rely on medical evidence about Plaintiff's interactions during medical examinations to determine social interaction limitations in an RFC and the record supports the ALJ's findings, the Court finds that the ALJ's RFC for social interaction limitations is supported by substantial evidence.

 b) <u>SAPC Dr. Meyer and Dr. Clay's medical opinions</u>

  The Court next addresses Plaintiff's contention that the ALJ erred because he rejected SAPC Dr. Meyer and Dr. Clay's articulated social interaction limitations and relied on medical evidence about Plaintiff's demeanor in medical examinations. Plaintiff asserts the same argument as he did regarding Dr. Superville's medical opinion and contends that the ALJ erred because he used medical evidence about Plaintiff's social interactions in medical examinations to draw conclusions about Plaintiff's ability to have social interactions in the workplace. Pl.'s Br. at 14–15. Defendant contends that the RFC regarding Plaintiff's social interaction limitations is supported by substantial evidence. Def.'s Br. at 12–13. As articulated below, the Court agrees with Defendant.

  As for Dr. Superville's medical opinion, the Court first notes that the ALJ did not reject Dr. Meyer and Dr. Clay's medical opinions but found the opinions partially persuasive. Specifically, the ALJ found the SAPC medical opinions persuasive regarding Plaintiff's memory and concentration limitations but unpersuasive regarding Plaintiff's social interaction and

11

adaptation limitations. Tr. at 35–36. The ALJ found that Dr. Meyer and Dr. Clay's memory and concentration limitations were supported by the "review of the record." *Id.* at 36. The doctors specifically found that Plaintiff can "understand, remember and carry out detailed but not complex instructions," which is directly reflected in the ALJ's RFC that Plaintiff can "understand, remember, and carry out detailed but not complex instructions." *Id.* at 75, 85, 33. Regarding Plaintiff's social interaction limitations, the ALJ found Dr. Meyer and Dr. Clay's medical opinions unpersuasive because although they are supported by the "review of the record," they are inconsistent with the medical evidence that Plaintiff "has not demonstrated significant difficulty interacting with the examiners" and has been "generally cooperative" during medical examinations. *Id.* at 36. Accordingly, because the ALJ delineated which portions of Dr. Meyer and Dr. Clay's opinions he found persuasive and unpersuasive, and partially incorporated the medical opinions in the RFC, the ALJ did not reject the SAPC medical opinions.

Nor did the ALJ err when he partially rejected Dr. Meyer and Dr. Clay's medical opinions because he found them inconsistent with the medical records about Plaintiff's cooperative demeanor. As noted earlier, district courts in the Fifth Circuit have supported an ALJ's more restrictive RFC for social interaction limitations through relying on evidence about Plaintiff's interactions in medical examinations. Furthermore, the ALJ cites to identical exhibits in the record as he did for Dr. Superville's medical opinion, which support his contention of Plaintiff's competent social interactions during medical examinations. *Id.* Because the ALJ can rely on medical evidence about Plaintiff's interactions during medical examinations to determine social interaction limitations in an RFC and the record supports the ALJ's findings, the Court finds that the ALJ's RFC for social interaction limitations is supported by substantial evidence.

In sum, the Court finds that the ALJ did not fully reject Dr. Superville, Dr. Meyer, and Dr. Clay's medical opinions; on the contrary, he accepted part of each doctor's assessment. Moreover, the ALJ did not err when he partially rejected their opinions as to Plaintiff's social interaction limitations because an ALJ can rely on medical evidence about Plaintiff's interactions during medical examinations to determine social interaction limitations in an RFC.[4]

2. **The RFC is supported by substantial evidence because the ALJ incorporated parts of the medical opinions he found persuasive and properly relied on Plaintiff's social interactions during medical examinations to determine his social interaction limitations.**

The Court next addresses Plaintiff's contention that the ALJ's decision is not supported by substantial evidence because the ALJ rejected all the medical opinions and substituted his lay opinion for that of a physician. Specifically, Plaintiff asserts that the ALJ substituted his lay opinion when he determined Plaintiff's social interaction limitations in the RFC from Plaintiff's interactions with the doctors during medical examinations. Pl.'s Br. at 16–17. Defendant counters that the RFC is supported by substantial evidence because the ALJ considered the medical opinions, medical examinations, and Plaintiff's reported regular activities. Def.'s Br. at 12–13. For the reasons set forth below, the Court agrees with Defendant.

---

[4] Separately, the Court briefly addresses Plaintiff's argument that the RFC is not supported by substantial evidence because the ALJ rejected the medical opinions regarding Plaintiff's adaptation limitations. Pl.'s Br. at 13–15. The Court finds that the ALJ adequately explained that he found the medical opinions' adaptation limitations inconsistent with Plaintiff's hearing testimony that he has "employed strategies to cope with his issues with memory." Tr. at 35–36. During the hearing, Plaintiff described "tricks" and strategies he uses to adapt to his memory issues. *Id.* at 56–57.

An ALJ is permitted to use Plaintiff's testimony during the administrative hearing as substantial evidence to support an RFC. *See Winget v. Astrue*, No. MO-07-CV-017, 2007 WL 4975206, at *10 (W.D. Tex. Dec. 14, 2007) (using Plaintiff's testimony as evidence that RFC was supported by substantial evidence); *Curtis-Hampton v. Astrue*, No. 3:11-CV-00062-L, 2011 WL 6396643, at *1 (N.D. Tex. Dec. 20, 2011) (same); *Garner v. Kijakazi*, No. 1:22-CV-0563-DH, 2023 WL 1976713, at *5 (W.D. Tex. Feb. 13, 2023) ("In making the RFC determination, the ALJ considers the totality of evidence in the record, not solely medical opinions."). Accordingly, the ALJ did not err in using Plaintiff's testimony during the administrative hearing to support the RFC regarding Plaintiff's adaptation limitations.

As articulated previously, the ALJ did not *reject* all the medical opinions but found all the medical opinions *partially persuasive*. Tr. at 35–36. "Assigning less persuasive merit to particular areas of a specific evidentiary source is a far cry from rejecting that source in its entirety." *Rodriguez*, 2023 WL 4207451, at *5. Here, the Court found the medical opinions partially persuasive because he found the opinions persuasive regarding the doctors' recommended concentration limitations and unpersuasive regarding the doctors' recommended social interaction and adaptability limitations. Tr. at 35–36. Regarding the concentration limitations, Dr. Meyer and Dr. Clay's medical opinions that Plaintiff can "understand, remember and carry out detailed but not complex instructions" is directly reflected in the RFC that Plaintiff can "understand, remember, and carry out detailed but not complex instructions." *Id.* at 75, 85, 33. Regarding the social interaction limitations, the ALJ explained that these limitations were inconsistent with other medical evidence noting that Plaintiff "has not demonstrated significant difficulty interacting with the examiners" and was "generally cooperative" during examinations. *Id.* The ALJ is "free to adopt in part or reject in full any opinion he finds not to be supported by or consistent with the medical evidence." *Bednorz*, 2023 WL 6147858, at *6. Accordingly, because the ALJ found all the medical opinions partially persuasive and incorporated parts of the opinions he found persuasive in the RFC, the Court finds that the ALJ did not reject all the medical opinions of record.

Even if the ALJ had rejected the medical opinions, the ALJ's reasoning for rejecting the social interaction limitations is permitted. As noted previously, district courts in the Fifth Circuit have supported an ALJ's more restrictive RFC for social interaction limitations through relying on evidence about Plaintiff's interactions in medical examinations. Furthermore, the exhibits the ALJ references to support his contention demonstrate Plaintiff's competent social interactions during

14

medical examinations. Accordingly, the ALJ properly relied on medical evidence about Plaintiff's interactions during medical examinations to determine his social interaction limitations in the RFC.

In sum, the Court finds that the ALJ neither rejected all the medical opinions nor substituted his lay opinion for that of a physician. The ALJ did not reject the medical opinions because he found all the medical opinions partially persuasive and incorporated parts of the opinions he found persuasive in the RFC. The ALJ did not substitute his lay opinion because the ALJ properly relied on other medical evidence about Plaintiff's interactions during medical examinations to determine his social interaction limitations in the RFC. Accordingly, the Court finds that the RFC is supported by substantial evidence because the ALJ incorporated portions of the medical opinion he found persuasive and properly explained his reasoning for omitting portions of the medical opinion he found unpersuasive.

### III. CONCLUSION

For the following reasons, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**SIGNED** and **ENTERED** this 28th day of March 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**